UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL OLDS,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>3M COMPANY a/k/a MINNESOTA MINING & MANUFACTURING COMPANY, et al.,<br><br>　　　　　Defendants. | Case No. 2:12-cv-08539-R-MRW<br><br>**STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW SUPPORTING [PROPOSED] JUDGMENT IN FAVOR OF PARKER HANNIFIN CORPORATION** |

## **UNCONTROVERTED FACTS**

1) Plaintiff Paul Olds ("plaintiff") filed a Complaint against Parker Hannifin Corporation ("Parker") and other defendants for personal injury, stemming from plaintiff's alleged exposure to asbestos during his service in the United States Air Force.

　　　**Evidence:** Plaintiff's Complaint, at p. 47; Plaintiff's Response to General Order No. 13 Interrogatories, Response No. 26 [Exhibits "1" and "5" respectively to the Declaration of Mathew Groseclose submitted in support of Parker's Motion for Summary Judgment ("Motion")].

18038077v.1

2) A reasonable jury could not find that any product manufactured or supplied by Parker was a substantial factor in causing plaintiff's alleged injury, as there was an absence of evidence that plaintiff worked with or around any Parker product, or otherwise inhaled asbestos-containing dust from any Parker product.

> **Evidence:** Deposition of Paul Olds, taken on January 16, 2013, at pp. 364:1-11, 371:3-12, and 379:1-381:10; Plaintiff's Initial Disclosures, p. 1; Plaintiff's First Amended Initial Disclosures, p. 1; Response to Parker's Interrogatories, Response No. 9 (Exhibits "7," "2," and "3" and "6" respectively to the Declaration of Mathew Groseclose submitted in support of Parker's Motion).

3) Plaintiff did not show, by deposition testimony or affidavit, that he possessed, or could reasonably obtain, evidence sufficient to justify his opposition.

> **Evidence:** Deposition of Paul Olds, taken on January 16, 2013, at pp. 364:1-11, 371:3-12, and 379:1-381:10; Declaration of Robert Green ¶¶ 14-15.

Based on the foregoing Uncontroverted Facts, the Court now makes its Conclusions of Law.

A fundamental element of any claim for negligence or products liability is causation. *Setliff v. E.I. DuPont DeNemours & Company*, 32 Cal. App. 4th 1525, 1533 (1988).

The threshold issue in establishing causation between a manufacturer's product and an alleged work place injury is exposure. *Garcia v. Joseph Vince Co.*, 84 Cal. App. 3d 868, 874 (1978).

An injured party must establish that he or she was actually exposed to a defendant's product in order to maintain an action against that party. *Garcia v. Joseph Vince Co.*, 84 Cal. App. 3d 868, 874 (1978); *Rutherford v. Owens-Illinois, Inc.*, 16 Cal. 4th 953, 976 (1997).

///

1  Once exposure is established, an injured party must prove that the exposure
2  was a substantial factor in producing the alleged injury. *Lineaweaver v. Plant
3  Insulation Company*, 31 Cal. App. 4th 1409, 1426-1427 (1995).

4  Because a reasonable jury cannot find that Parker manufactured, supplied or
5  distributed an asbestos-containing product to which plaintiff was exposed, plaintiff
6  cannot prove the fundamental element of causation for all of his claims, and Parker
7  is therefore entitled to summary judgment in its favor. *Harris v. Owens-Corning
8  Fiberglas Corp.*, 102 F.3d 1429, 1432 (7th Cir. 1996); *Benshoof v. National
9  Gypsum Co.*, 978 F.2d 475, 477 (9th Cir. 1992).

10  Because plaintiff did not show, by deposition testimony or affidavit, that he
11  possessed, or could reasonably obtain, evidence sufficient to justify his opposition,
12  a continuance of the Motion is not warranted.

13  Judgment shall be entered in favor of Parker in accordance with these
14  Conclusions of Law.

UNITED STATES DISTRICT COURT

Dated: Oct. 24, 2013

HON. MANUEL REAL

3