TUCKER ELLIS LLP
John K. Son SBN 238516
john.son@tuckerellis.com
515 South Flower Street, 42nd Floor
Los Angeles, CA 90071
Telephone:  213.430.3400
Facsimile:   213.430.3409

TUCKER ELLIS LLP
Lance D. Wilson SBN 183852
lance.wilson@tuckerellis.com
135 Main Street, Suite 700
San Francisco, CA 94105
Telephone:  415.617.2400
Facsimile:        415.617.2409

Attorneys for Defendant
UNITED TECHNOLOGIES CORPORATION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL OLDS,<br><br>  Plaintiff,<br><br>v.<br><br>3M COMPANY a/k/a MINNESOTA MINING & MANUFACTURING COMPANY; et al.,<br><br>  Defendants. | Case No. 2:12-cv-08539-R (MRWx)<br><br>**DEFENDANT UNITED TECHNOLOGIES CORPORATION'S EX PARTE APPLICATION TO CONTINUE THE HEARING ON PLAINTIFF'S MOTION TO COMPEL THE DEPOSITION OF UNITED TECHNOLOGIES CORPORATION AND REQUEST FOR PRODUCTION OF DOCUMENTS PURSUANT TO RULES OF CIVIL PROCEDURE 30(B)(6); AND PLAINTIFFS' REQUEST FOR SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Defendant United Technologies Corporation ("UTC") hereby applies ex parte for an order continuing the hearing on Plaintiff's Motion to Compel the Deposition of United

---
1
UNITED TECHNOLOGIES CORPORATION'S EX PARTE APPLICATION TO CONTINUE HEARING ON PLAINTIFF'S MOTION TO COMPEL

074908000772947251

1 Technologies Corporation and Request for Production of Documents from November 4, 2013, to December 2, 2013.

The undersigned counsel has notified plaintiff's counsel and all parties of this application. [Declaration of John K. Son, ¶ 3.]  The undersigned counsel has also informed plaintiffs' counsel and all parties that opposing papers must be within 24 hours of actual receipt of this ex parte application. [Son Decl., ¶ 3]

This application is based on the ex parte notice, the attached memorandum of points and authorities, the declaration of John K. Son and exhibits, and all pertinent documents filed in this case.

DATED:  October 30, 2013                TUCKER ELLIS LLP


By:  /s/ *John K. Son*
     John K. Son
     john.son@tuckerellis.com
     Attorneys for Defendant
     UNITED TECHNOLOGIES CORPORATION

UNITED TECHNOLOGIES CORPORATION'S EX PARTE APPLICATION TO CONTINUE HEARING ON PLAINTIFFS' MOTION TO COMPEL

074908000772947251

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant United Technologies Corporation ("UTC") applies ex parte for an order continuing the hearing on plaintiff Paul Olds' motion to compel the Federal Rule of Civil Procedure 30(b)(6) deposition of UTC and requests for production of documents, currently set for November 4, 2013. UTC's objections to producing a corporate representative for deposition are based on the absence of evidence in this case connecting any UTC product to plaintiff's alleged asbestos exposure. UTC will file a motion for summary judgment to be heard on December 2, 2013, that squarely addresses the issue of plaintiff's lack of evidence of exposure to asbestos from UTC products, including Pratt & Whitney aircraft engines for which it is being sued. UTC will also move for summary judgment based on its affirmative defenses, including the government contractor, sovereign immunity, and sophisticated user defenses. Because the "no evidence of exposure" issue is common to both plaintiff's motion to compel and UTC's anticipated motion for summary judgment, principles of judicial economy and efficiency warrant both motion being heard on the same day. Moreover, continuing plaintiff's motion to compel to December 2, 2013, to be heard on the same day as UTC's motion for summary judgment, will avoid the waste of time and money caused by hearing the motion to compel and conducting costly corporate representative depositions which may be rendered moot by UTC's motion for summary judgment. Accordingly, UTC respectfully requests that plaintiff's motion to compel be continued to December 2, 2013. Pursuant to the Court's procedures, UTC has cleared the proposed date of December 2, 3013, with the Court Clerk. [Son Decl., ¶ 2.]

## II. THE COURT SHOULD CONTINUE THE HEARING ON PLAINTIFFS' MOTION TO COMPEL IN THE INTEREST OF CONSERVING RESOURCES AND JUDICIAL ECONOMY

The Court has inherent authority to control its docket. *Mediterranean Enterprises, Inc. v. Ssanyang Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983), citing *Landis v. North America Co.*, 200 U.S. 248, 254-55 (1936) (noting that every court has inherent authority

to control its docket with economy of time and effort for itself, for counsel, and for litigants).

Continuing the hearing on plaintiff's motion to compel the deposition of UTC would promote judicial economy and conserve parties' resources. UTC will file a motion for summary judgment based primarily on the lack of evidence of causation. UTC is entitled to summary judgment because there is no evidence that Mr. Olds worked with or around any Pratt & Whitney aircraft engine components (for which UTC is being sued), whether such components contained asbestos or not. UTC's motion for summary judgment will be set for hearing on December 2, 2013.

The primary basis of UTC's motion for summary judgment is identical to the issue underlying plaintiff's motion to compel, whether there is any evidence linking Mr. Olds' alleged asbestos exposure to a Pratt & Whitney aircraft engines. UTC contends that plaintiffs are not entitled to take the deposition of corporate representatives in the absence of such evidence of exposure. *See Donlon v. AC and S, Inc., et al.*, MDL 875 CA No. 11-67721, September 18, 2012 Order of the Honorable M. Faith Angell [Docket # 18] at p. 1-2 ("Plaintiffs' notices of taking the PMQ depositions of Defendants . . . are overbroad in that they seek information about aircraft for which Plaintiffs have produced no evidence that the decedent work on or around"); *see also Doucet v. Asbestos Corporation Ltd*, MDL 875, CA No. 11-67223 June 14, 2012 Order of the Honorable Faith Angell [Docket # 151] at p. 8; *Appleton-Hultz v. Amcord*, MDL 875, CA No. 09-64275, April 29, 2011 Order of the Honorable Thomas J. Reuter [Docket # 167] at p. 1; *Unzicker v. A.W. Chesterton*, MDL 875, CA No. 11-66288, May 31, 2012 Order of the Honorable David R. Strawbridge [Docket # 182] at p. 13; *Spychalla v. AVCO Corp.*, MDL 875 CA No. 12-60004, October 4, 2012 Order of the Honorable M. Faith Angell [Docket # 122] at p. 1-2. (See Decisions, Exhibit F to the Declaration of John K. Son filed in opposition to plaintiff's motion to compel).

Moreover, UTC will move for summary judgment on alternative grounds supported by its affirmative defenses, including the government contractor, sovereign

immunity, and sophisticated user defenses. A continuance of plaintiff's motion to compel would avoid the time and costs of hearing the motion and, potentially, conducting costly corporate representative depositions that may be rendered moot if UTC's motion for summary judgment is granted.

Plaintiff will not be prejudiced by a continuance. While UTC contends that the discovery sought by plaintiff would be irrelevant to the determination of UTC's motion for summary judgment, particularly because it will be based mainly on plaintiff's own deposition testimony establishing that he cannot prove exposure to asbestos from a Pratt & Whitney aircraft engine, should plaintiff make the requisite showing that additional discovery is necessary to oppose UTC's motion for summary judgment, then the Court may grant plaintiff a continuance for the purpose of conducting the necessary discovery. Until that time, however, the complete absence of evidence in the record to date, of any evidence that Mr. Olds was exposed to asbestos from a Pratt & Whitney aircraft engine, counsels against compelling UTC to produce a corporate representative for deposition. The financial burden to UTC of producing a corporate representative for deposition (especially if the Court ultimately finds that plaintiff has not met his burden of establishing some threshold level of exposure to asbestos from a UTC/Pratt & Whitney product) substantially outweighs any prejudice to plaintiff of continuing the hearing on his motion to compel to the same day as UTC's motion for summary judgment.

## III. CONCLUSION

For the foregoing reasons, UTC respectfully requests an order continuing the hearing on plaintiff's motion to compel against UTC to December 2, 2013.

DATED: October 30, 2013                    TUCKER ELLIS LLP

By: /s/ *John K. Son*
John K. Son
Attorneys for Defendant
UNITED TECHNOLOGIES CORPORATION

---
5
---

# CERTIFICATE OF SERVICE

I declare that I am a citizen of the United States and a resident of Los Angeles, California or employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Tucker Ellis LLP, 515 South Flower Street, Forty-Second Floor, Los Angeles, California 90071-2223.

On October 30, 2013, I served the following document entitled DEFENDANT UNITED TECHNOLOGIES CORPORATION'S EX PARTE APPLICATION TO CONTINUE THE HEARING ON PLAINTIFF'S MOTION TO COMPEL THE DEPOSITION OF UNITED TECHNOLOGIES CORPORATION AND REQUEST FOR PRODUCTION OF DOCUMENTS PURSUANT TO RULES OF CIVIL PROCEDURE 30(B)(6); AND PLAINTIFFS' REQUEST FOR SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES on the interested parties in this action by:

**(X)** **ELECTRONICALLY VIA ECF:** the above-entitled document to be served electronically through the United States District Court, Central District ECF website, addressed to all parties appearing on the Court's ECF service list. A copy of the "Filing Receipt" page will be maintained with the original document in our office.

**( )** **U. S. MAIL:** I placed a copy in a separate envelope, with postage fully prepaid, **for each address named on the attached service list** for collection and mailing on the below indicated day following the ordinary business practices at Tucker Ellis LLP. I certify I am familiar with the ordinary business practices of my place of employment with regard to collection for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit or mailing affidavit.

**(X)** I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on October 30, 2013 at Los Angeles, California.

Bianca Flores

CERTIFICATE OF SERVICE

074908000772947251