# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL OLDS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>3M COMPANY (aka MINNESOTA MINING & MANUFACTURING COMPANY, *et al.*<br><br>　　　　Defendants. | Case No. 2:12-cv-08539 R (MRWx)<br><br>**UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF GRANTING DEFENDANT PNEUMO ABEX LLC'S MOTION FOR SUMMARY JUDGMENT** |

The Court's ruling granting Defendant Pneumo Abex LLC's ("Abex") Motion for Summary Judgment is based on the findings of Uncontroverted Facts and Conclusions of Law, as set forth below, and for the reasons stated on the record at the November 25, 2013 hearing on Abex's Motion for Summary Judgment.

| **UNCONTROVERTED MATERIAL FACTS** | **SUPPORTING EVIDENCE** |
|---|---|
| 1. Plaintiff Paul Olds worked as a service manager at Ryder Trucks starting around March 1969 until he retired in May 1980. | 1. Deposition of Paul Olds, Volume I, taken January 15, 2013, p. 117:11-17 and Volume II, taken January 16, 2013, p. 398:8-400:4, attached as Exhibit B to the Declaration of Anosheh A. Hormozyari ("Hormozyari Decl.") |

| | | |
|---|---|---|
| 1 | 2. Olds never did any brake work himself while at Ryder; he was around others who did that work. | 2. Deposition of Paul Olds, Volume III, taken January 17, 2013, p. 722:4-12, attached as Exhibit B to the Hormozyari Decl. |
| 2 | | |
| 3 | | |
| 4 | 3. Olds is familiar with the Rayloc brand of brakes but does not remember using it. | 3. Deposition of Paul Olds, Volume I, taken January 15, 2013, p. 137:24-138:5, attached as Exhibit B to the Hormozyari Decl. |
| 5 | | |
| 6 | 4. Olds testified that Bendix was the primary brand of brakes used at Ryder, but Grizzly and Carlisle brakes were also used.  He did not recall any other brand of brakes used at Ryder. | 4. Deposition of Paul Olds, Volume III, taken January 17, 2013, p. 728:10-25, attached as Exhibit B to the Hormozyari Decl. |
| 7 | | |
| 8 | | |
| 9 | | |
| 10 | 5. Olds testified that he did not know the brand or manufacturer of brake shoes purchased at NAPA. | 5. Deposition of Paul Olds, Volume III, taken January 17, 2013, p. 693:20-24, attached as Exhibit B to the Hormozyari Decl. |
| 11 | | |
| 12 | 6. Olds testified that Ryder did some relining of brakes in the early 1970s, but he was not involved in that work. | 6. Deposition of Paul Olds, Volume III, taken January 17, 2013, p. 735:8-736:3, attached as Exhibit B to the Hormozyari Decl. |
| 13 | | |
| 14 | | |
| 15 | 7. Olds testified that he has no knowledge as to the brand name, manufacturer, or supplier of the lining material used at Ryder for the relining process. | 7. Deposition of Paul Olds, Volume III, taken January 17, 2013, p. 736:4-7, attached as Exhibit B to the Hormozyari Decl. |
| 16 | | |
| 17 | | |
| 18 | 8. Olds performed auto repair work on his own automobiles starting in 1945. | 8. Deposition of Paul Olds, Volume IV, taken January 18, 2013, p. 848:17-25, attached as Exhibit B to the Hormozyari Decl. |
| 19 | | |
| 20 | 9. Olds testified that he did not recall the brand name, manufacturer, or supplier of any replacement parts that he used on his own personal vehicles. | 9. Deposition of Paul Olds, Volume IV, taken January 18, 2013, p. 850:15-18, attached as Exhibit B to the Hormozyari Decl. |
| 21 | | |
| 22 | | |
| 23 | 10. Olds performed auto repair work on other people's automobiles starting in 1980. | 10. Deposition of Paul Olds, Volume IV, taken January 18, 2013, p. 849:1-4, attached as Exhibit B to the Hormozyari Decl. |
| 24 | | |
| 25 | | |
| 26 | 11. Olds testified that he only used O.E.M. replacement parts on the vehicles he worked on for other people. | 11. Deposition of Paul Olds, Volume IV, taken January 18, 2013, p. 851:11-16, attached as Exhibit B to the Hormozyari Decl. |
| 27 | | |
| 28 | | |

## CONCLUSIONS OF LAW

1. Summary judgment is appropriate when the pleadings, discovery, and disclosure materials show that there is no genuine issue as to any material fact.  Fed. R. Civ. P. 56(c)(2).  "A motion for summary judgment will not be defeated by 'the mere existence' of some disputed facts, but will be denied when there is a genuine issue of material fact." *Am. Eagle Outfitters v. Lyle & Scott Ltd.*, 584 F.3d 575, 581 (3d Cir. 2009) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 , 247 - 248 (1986)).  A fact is "material" if proof of its existence or non-existence might affect the outcome of the litigation, and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

2. The fundamental threshold issue in this asbestos litigation is whether Mr. Olds was exposed to asbestos placed into the stream of commerce by Abex. *See Rutherford v. Owens-Illinois, Inc.* 16 Cal. 4th 953, 975 (1997); *McGonnell v. Kaiser Gypsum Co.,* 98 Cal. App. 4th 1098, 1103 (2002).  Plaintiff must establish exposure to asbestos from products *actually* supplied by Abex and cannot rely on evidence that they *may have* placed such products into the stream of commerce. *Mullen v. Armstrong World Industries, Inc.,* 200 Cal. App. 3d 250, 257 (1988).

3. Causation is the nexus of any products liability action.  Here, it would require speculation and a stream of conjecture and surmise to establish causation and find that Mr. Olds was exposed to asbestos from Abex friction products. *McGonnell v. Kaiser Gypsum Co.,* 98 Cal. App. 4th 1098, 1105 (2002); *Dumin v. Owens-Corning Fiberglas Corp.,* 28 Cal. App. 4th 650, 656 (1994); *Whitmire v. Ingersoll-Rand Co.,* 184 Cal. App. 4th 1078, 1093-1095 (2010).

4. Contradictory declarations must be disregarded.  "The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit

contradicting his prior deposition testimony." *Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 998 (9th Cir. 2009) (quoting *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th. Cir. 1991)). Known as the "sham affidavit" rule, this rule is necessary to maintain the integrity of the summary judgment procedure. *See id.* Sham testimony is "testimony that flatly contradicts earlier testimony in an attempt to 'create' an issue of fact and avoid summary judgment." *Kennedy*, 952 F. 2d at 266. The two criteria for invoking the "sham affidavit" rule are (1) contradiction must be clear and unambiguous and (2) the contradictory affidavit must not be an attempt to explain or clarify earlier testimony. *Van Asdale*, 577 F.3d at 998-999. Mr. Olds' declaration, served in opposition to Abex's Motion for Summary Judgment, is a sham declaration. The declaration unambiguously contradicts his prior sworn deposition testimony.

Plaintiff has not provided and cannot reasonably obtain competent and admissible evidence establishing that Abex is liable for Mr. Olds' injuries under any theory of liability. Therefore, judgment shall be entered in favor of Abex based on the Uncontroverted Facts and Conclusions of Law.

Dated: December 10, 2013

_____
HONORABLE MANUEL L. REAL