# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL OLDS<br><br>        Plaintiff,<br><br>v.<br><br>3M COMPANY, et al.<br><br>        Defendants. | CASE NO. 2:12-cv-08539-R-MWR<br><br>**STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW SUPPORTING [PROPOSED] JUDGMENT IN FAVOR OF EATON CORPORATION** |

## UNCONTROVERTED FACTS

1) This is an asbestos-related personal injury lawsuit filed by plaintiff Paul Olds ("Mr. Olds" or "plaintiff"). As against Eaton Corporation ("Eaton") plaintiff's complaint for personal injury alleges causes of action for negligence, strict liability, and breach of warranty in connection with plaintiff's work as a jet propulsion mechanic in the Air Force from 1948 to 1968 and as a refrigeration mechanic and supervisor at Ryder Truck Rental in Orlando, Florida from approximately 1968 to 1980.

**Evidence:** Plaintiff's Complaint, at p. 17-18, 26, 40-45[Exhibit "A" attached to the Declaration of Danielle Renzi submitted in support of Eaton's Motion for Summary Judgment ("Motion")].

2) A reasonable jury could not find that any product manufactured or supplied by Eaton was a substantial factor in causing plaintiff's alleged injury as there was an absence of evidence that plaintiff worked with or around any Eaton product, or otherwise inhaled asbestos-containing dust from any Eaton product.

**Evidence:** Plaintiff's Responses to Eaton's Special Interrogatories; Plaintiff's Responses to Eaton's Request for Production of Documents; Deposition of Paul Olds, taken on January 15, 2013, at pp. 398:8-22, 425:12-427:20, 445:3-15, 446:24-447:14, 797:22-800:10, 801:2-10, 802:8-23, 803:17-805:5; 805:24-806:6  (Exhibits B, C, and D, respectively, to the Declaration of Danielle Renzi submitted in support of Eaton's Motion).

3) Plaintiff did not show, by deposition testimony or affidavit, that he possessed, or could reasonably obtain, evidence sufficient to justify his opposition.

**Evidence:** Deposition of Paul Olds, taken on January 15, 2013, at pp. 398:8-22, 425:12-427:20, 445:3-15, 446:24-447:14, 797:22-800:10, 801:2-10, 802:8-23, 803:17-805:5; 805:24-806:6.

Based on the foregoing Uncontroverted Facts, the Court now makes its Conclusions of Law.

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P.56(c). The substantive law determines which facts are material; and a factual issue is genuine if a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242 (1986).

The threshold issue in establishing causation between a manufacturer's product and an alleged work place injury is exposure. *Garcia v. Joseph Vince Co.,* 84 Cal. App. 3d 868, 874 (1978).

An injured party must establish that he or she was actually exposed to a defendant's product in order to maintain an action against that party. *Garcia v. Joseph Vince Co.*, 84 Cal. App. 3d 868, 874 (1978); *Rutherford v. Owens-Illinois, Inc.,* 16 Cal. 4th 953, 976 (1997).

Once exposure is established, an injured party must prove that the exposure was a substantial factor in producing the alleged injury. *Lineaweaver v. Plant Insulation Company,* 31 Cal. App. 4th 1409, 1426-1427 (1995).

All of plaintiff's causes of action against Eaton (negligence, strict products liability, and breach of warranty) fail for lack of causation because Eaton presented undisputed evidence, including plaintiff's own deposition testimony, that plaintiff was not exposed to any asbestos-containing product for which Eaton may be liable. *O'Neil v. Crane Co.,* 53 Cal.4th 335 (2012). Even if plaintiff encountered asbestos-containing products manufactured, supplied or distributed by Eaton, there is no admissible evidence plaintiff was exposed to asbestos dust from Eaton products.

Plaintiff's declaration contradicts his deposition testimony and will not be considered because it is a sham and the inconsistency between the declaration and the deposition is clear and unambiguous, *Van Asdale v. International Game Technology,* 577 F. 3d 989 (9th Cir. 2009).

Because a reasonable jury cannot find that Eaton manufactured, supplied or distributed an asbestos-containing product to which plaintiff was exposed, plaintiff cannot prove the fundamental element of causation for all of his claims, and Eaton Corporation is therefore entitled to summary judgment in its favor. *Harris v. Owens-Corning Fiberglas Corp.,* 102 F. 3d 1429, 1432 (7th Cir. 1996); *Benshoof v. National Gypsum Co.*, 978 F. 2d 475, 477 (9th Cir. 1992).

1    Because plaintiff did not show, by deposition testimony or affidavit, that he
2 possessed, or could reasonably obtain, evidence sufficient to justify his opposition, a
3 continuance of the Motion is not warranted.
4    Judgment shall be entered in favor of Eaton in accordance with these
5 Conclusions of Law.

UNITED STATES DISTRICT COURT

DATED:  January 2, 2014

_____
HON. MANUEL REAL