# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL OLDS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>3M COMPANY a/k/a MINNESOTA MINING & MANUFACTURING COMPANY; et al.,<br><br>　　　　　　Defendants. | Case No. 2:12-cv-08539-R (MRWx)<br><br>**ORDER GRANTING DEFENDANT UNITED TECHNOLOGIES CORPORATION'S MOTION FOR SUMMARY JUDGMENT AND STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW** |

　　　　Defendant United Technologies Corporation's Motion for Summary Judgment came on regularly for hearing on January 27, 2014, before the Honorable Manuel L. Real in Department 8 of the United States District Court for the Central District of California. All appearances are as reflected in the record.

　　　　Having read and considered all papers and evidence filed in support of and in opposition to the Motion, and argument of counsel, IT IS HEREBY ORDERED that the Motion is GRANTED and judgment shall be entered in favor of United Technologies Corporation. The Court denies plaintiff's request under Federal Rule of Civil Procedure 56(d) to defer ruling on the Motion for plaintiff to conduct additional discovery. The Court finds that the further discovery plaintiff seeks is not essential to justify his

1

[PROPOSED] ORDER GRANTING DEFENDANT UNITED TECHNOLOGIES CORPORATION'S MOTION FOR SUMMARY JUDGMENT AND STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

074908000772967792

opposition.

The Court's ruling granting United Technologies Corporation's Motion is based on the findings of uncontroverted facts and conclusions of law set forth below, and as stated on the record at the January 27, 2014 hearing on the Motion.

## UNCONTROVERTED FACTS

| Uncontroverted Fact: | Supporting Evidence: |
|---|---|
| 1. Plaintiff claims he developed an asbestos-related disease as a result of exposure to asbestos from defendants' products. As to United Technologies Corporation ("UTC"), plaintiff alleges exposure to asbestos from Pratt & Whitney aircraft engines, for which UTC is liable, while serving as an aircraft mechanic in the United States Air Force from 1948 to 1968. | Plaintiffs' Complaint, **Exhibit A** to Declaration of John K. Son ("Son Decl."). |
| 2. Plaintiff asserts a "take-home" exposure claim against UTC, alleging that he was injured as a result of secondary exposure to asbestos fibers brought home on the clothing of his mother, who allegedly worked for Pratt & Whitney in the 1940s. | Plaintiff's Responses to Special Interrogatories Propounded by Defendant United Technologies Corporation, Set One, Resp. No. 1, **Exhibit C** to Son Decl. |

2

[PROPOSED] ORDER GRANTING DEFENDANT UNITED TECHNOLOGIES CORPORATION'S MOTION FOR SUMMARY JUDGMENT
AND STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

074908000772967792

| Uncontroverted Fact: | Supporting Evidence: |
|---|---|
| 3. Plaintiff was deposed in January 2013 regarding his work around aircraft in the U.S. Air Force, all of which involved military aircraft only. | Transcript of the Deposition of Paul Olds ("Olds Depo."), Vol. II, p. 376:16-20, **Exhibit B** to Son Decl. |
| 4. From 1953 to 1956, plaintiff worked in the supply department and maintained the tool crib at Orlando Air Force Base. | Transcript of the Deposition of Paul Olds ("Olds Depo."), Vol. II, p. 327:23-328:15, **Exhibit B** to Son Decl. |
| 5. The only aircraft at that location were the C-47 and C-45. | Transcript of the Deposition of Paul Olds ("Olds Depo."), Vol. I, p. 86:13-16, **Exhibit B** to Son Decl. |
| 6. He did not perform any work on aircraft at this location. | Transcript of the Deposition of Paul Olds ("Olds Depo."), Vol. II, p. 328:21-329:2; 322:12-324:12, **Exhibit B** to Son Decl. |
| 7. He did not know the brand name, manufacturer, or supplier of any of the parts he handled. | Transcript of the Deposition of Paul Olds ("Olds Depo."), Vol. II, p. 324:18-25, **Exhibit B** to Son Decl. |
| 8. He could not recall any work that the others may have performed in his presence, and he does not know the material composition of any of the components they worked with other than metal. | Transcript of the Deposition of Paul Olds ("Olds Depo."), Vol. II, p. 329:4-330:4, **Exhibit B** to Son Decl. |

[PROPOSED] ORDER GRANTING DEFENDANT UNITED TECHNOLOGIES CORPORATION'S MOTION FOR SUMMARY JUDGMENT AND STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

074908000772967792

| Uncontroverted Fact: | Supporting Evidence: |
|---|---|
| 9. Plaintiff worked at Sidi Slimane in Morocco in the supply department from 1956 to 1957. | Transcript of the Deposition of Paul Olds ("Olds Depo."), Vol. II, p. 331:9-333:4, **Exhibit B** to Son Decl. |
| 10. The only aircraft he ordered supplies for was the F-100. | Transcript of the Deposition of Paul Olds ("Olds Depo."), Vol. I, p. 87:16-88:8., **Exhibit B** to Son Decl. |
| 11. Plaintiff did not perform work on aircraft or aircraft components; nor did he see others perform work on aircraft at this location. | Transcript of the Deposition of Paul Olds ("Olds Depo."), Vol. II, p. 333:1-21, **Exhibit B** to Son Decl. |
| 12. Plaintiff was stationed at Eglin Air Force Base from 1959 to 1963. | Transcript of the Deposition of Paul Olds ("Olds Depo."), Vol. II, p. 336:20-337:10, **Exhibit B** to Son Decl. |
| 13. The only aircraft at that location was the B-52. | Transcript of the Deposition of Paul Olds ("Olds Depo."), Vol. II, p. 337:18-24, **Exhibit B** to Son Decl. |
| 14. Ninety percent of plaintiff's time was spent on the flight line in the cockpit of the aircraft. | Transcript of the Deposition of Paul Olds ("Olds Depo."), Vol. II, p. 340:3-19, **Exhibit B** to Son Decl. |
| 15. He did not work on aircraft engines, but he occasionally saw others from a distance remove and replace engines from the aircraft as whole and complete units. | Transcript of the Deposition of Paul Olds ("Olds Depo."), Vol. II, p. 340:21-341:22, **Exhibit B** to Son Decl. |

[PROPOSED] ORDER GRANTING DEFENDANT UNITED TECHNOLOGIES CORPORATION'S MOTION FOR SUMMARY JUDGMENT AND STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

074908000772967792

| Uncontroverted Fact: | Supporting Evidence: |
|---|---|
| 16. Plaintiff was stationed at Bergstrom Air Force base from 1963 to approximately 1965. | Transcript of the Deposition of Paul Olds ("Olds Depo."), Vol. II, p. 343:19-346:25, **Exhibit B** to Son Decl. |
| 17. The only aircraft at that location were the B-52 and KC-135 aircraft. | Transcript of the Deposition of Paul Olds ("Olds Depo."), Vol. II, p. 344:18-20, **Exhibit B** to Son Decl. |
| 18. Plaintiff worked on the quality control and trim teams, which mostly entailed visual inspections of aircraft and paperwork. | Transcript of the Deposition of Paul Olds ("Olds Depo."), Vol. II, p. 344:14-25, **Exhibit B** to Son Decl. |
| 19. He did not perform hands-on work to aircraft or aircraft components, and he did not observe anyone else perform work on aircraft or aircraft components in his presence. | Transcript of the Deposition of Paul Olds ("Olds Depo."), Vol. II, p. 344:14-345:22; Vol I, 101:17-24. **Exhibit B** to Son Decl. |
| 20. Plaintiff was stationed at March Air Force Base from 1965 to 1967. | Transcript of the Deposition of Paul Olds ("Olds Depo."), Vol. II, p. 346:17-347:2, **Exhibit B** to Son Decl. |
| 21. The only aircraft at that location was the B-52. | Transcript of the Deposition of Paul Olds ("Olds Depo."), Vol. II, p. 347:8-10, **Exhibit B** to Son Decl. |

[PROPOSED] ORDER GRANTING DEFENDANT UNITED TECHNOLOGIES CORPORATION'S MOTION FOR SUMMARY JUDGMENT AND STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

074908000772967792

| Uncontroverted Fact: | Supporting Evidence: |
|---|---|
| 22. Plaintiff worked on the quality control team; he performed no hands-on work to aircraft or aircraft components, and he did not observe anyone else perform work on aircraft or aircraft components in his presence. | Transcript of the Deposition of Paul Olds ("Olds Depo."), Vol. II, p. 347:11-20, **Exhibit B** to Son Decl. |
| 23. Plaintiff was stationed in Guam for six months. | Transcript of the Deposition of Paul Olds ("Olds Depo."), Vol. II, p. 348:17-25, **Exhibit B** to Son Decl. |
| 24. The only aircraft at that location was the B-52. | Transcript of the Deposition of Paul Olds ("Olds Depo."), Vol. II, p. 349:7-12, **Exhibit B** to Son Decl. |
| 25. Plaintiff supervised other mechanics but he could not recall any specific tasks or duties that they performed in his presence. | Transcript of the Deposition of Paul Olds ("Olds Depo."), Vol. II, p. 349:13-351:1, **Exhibit B** to Son Decl. |
| 26. Plaintiff was stationed in Thailand from 1967 to 1968. | Transcript of the Deposition of Paul Olds ("Olds Depo."), Vol. II, p. 351:3-13, **Exhibit B** to Son Decl. |
| 27. The only aircraft at that location was the Republic F-105. | Transcript of the Deposition of Paul Olds ("Olds Depo."), Vol. II, p. 351:16-19, **Exhibit B** to Son Decl. |
| 28. Plaintiff did not work on aircraft or aircraft components, and he could not recall any work that others performed in his presence. | Transcript of the Deposition of Paul Olds ("Olds Depo."), Vol. II, p. 351:20-354:1, **Exhibit B** to Son Decl. |

6

[PROPOSED] ORDER GRANTING DEFENDANT UNITED TECHNOLOGIES CORPORATION'S MOTION FOR SUMMARY JUDGMENT AND STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

074908000772967792

| Uncontroverted Fact: | Supporting Evidence: |
|---|---|
| 29. Plaintiff confirmed that he did not know the maintenance history of any of aircraft or aircraft components that he ever encountered at any of his jobsites. | Transcript of the Deposition of Paul Olds ("Olds Depo."), Vol. II, p. 376:21-378:1, **Exhibit B** to Son Decl. |
| 30. Plaintiff testified that his mother worked at Pratt & Whitney from approximately 1943 to 1945, when he was only a child. | Transcript of the Deposition of Paul Olds ("Olds Depo."), Vol. I, p. 213:2-8, **Exhibit B** to Son Decl. |
| 31. Plaintiff's mother operated a turret lathe, which was a piece of machinery that drilled holes into a metal block. | Transcript of the Deposition of Paul Olds ("Olds Depo."), Vol. I, p. 24:24-25:13; 216:2-5, **Exhibit B** to Son Decl. |
| 32. Plaintiff admitted he did not know whether his mother ever returned from work with dust or debris on her clothing. | Transcript of the Deposition of Paul Olds ("Olds Depo."), Vol. I, p. 24:16-22; 215:6-15, **Exhibit B** to Son Decl. |
| 33. Plaintiff had no reason to believe that his mother ever worked with anything other than metal. | Transcript of the Deposition of Paul Olds ("Olds Depo."), Vol. I, p. 216:6-9, **Exhibit B** to Son Decl. |
| 34. Plaintiff never visited his mother at work, and everything he knew about his mother's job duties were based on what she had told him. | Transcript of the Deposition of Paul Olds ("Olds Depo."), Vol. I, p. 214:10-215:1, **Exhibit B** to Son Decl. |

7

[PROPOSED] ORDER GRANTING DEFENDANT UNITED TECHNOLOGIES CORPORATION'S MOTION FOR SUMMARY JUDGMENT AND STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

074908000772967792

## CONCLUSIONS OF LAW

1. Summary judgment is appropriate when there is no genuine dispute. Fed. R. Civ. P. 56(a). A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).

2. All of plaintiff's causes of action against UTC arising out of his alleged first-hand and/or bystander exposure to asbestos fail for lack of causation because there is no evidence that plaintiff was exposed to asbestos-containing parts or components for which UTC is or may be liable. Furthermore, plaintiff's declaration submitted in support of his opposition to UTC's motion is insufficient to allow a jury to reasonably find that exposure to Pratt & Whitney aircraft engines was a substantial factor in causing plaintiff's illness.

3. All of plaintiff's causes of action against UTC arising out of his alleged secondary ("take-home") exposure to asbestos as a result of his mother's work at Pratt & Whitney fail for lack of causation because: (i) there is no evidence that plaintiff's mother was exposed to asbestos dust as a result of her alleged work at Pratt & Whitney, (ii) there is no evidence that plaintiff's mother carried asbestos dust home on her body or clothing from Pratt & Whitney, and (ii) there is no evidence that plaintiff was secondarily exposed to asbestos dust brought home on the body or clothing of his mother or that such exposure was a substantial factor in causing his illness.

4. For the foregoing reasons, and pursuant to Federal Rule of Civil Procedure 56, plaintiff's causes of action set forth in his Complaint should be, and hereby are, dismissed and defendant United Technologies Corporation shall have judgment in its favor.

DATED: _Feb. 14, 2014_   _____
                         Honorable Manuel L. Real
                         United States District Court Judge

[PROPOSED] ORDER GRANTING DEFENDANT UNITED TECHNOLOGIES CORPORATION'S MOTION FOR SUMMARY JUDGMENT AND STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

074908000772967792

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

074908000772967792

CERTIFICATE OF SERVICE