# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL OLDS,<br><br>      Plaintiff,<br><br>v.<br><br>3M COMPANY; *et al.*,<br><br>      Defendants. | CASE NO. 2:12-cv-08539-R (MRWx)<br><br>Assigned to:  Judge Manuel L. Real<br><br>Referred to:  Magistrate Judge Michael R. Wilner<br><br>**UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW SUPPORTING DEFENDANT DANA COMPANIES, LLC'S MOTION FOR SUMMARY JUDGMENT**<br><br>Complaint Filed:  October 4, 2012<br><br>Trial Date:  March 11, 2014 |

McKenna Long &
Aldridge LLP
Los Angeles

[PROPOSED] UNCONTROVERTED FACTS AND
CONCLUSIONS OF LAW - CASE NO. 2:12-cv-08539-R
(MRWx)

Defendant Dana Companies, LLC's ("Dana") Motion for Summary Judgment, alternatively Motion for Partial Summary Judgment against Plaintiff Paul Olds ("Motion"), came on regularly for hearing on January 27, 2014 at 10:00 a.m. before the Honorable Manuel L. Real, United States District Judge presiding in Courtroom 8 of the above-referenced Court.

After considering all papers filed in support of the Motion, including all admissible evidence filed in support of the Motion, having read and considered all papers filed in opposition to the Motion, including all admissible evidence filed in opposition to the Motion, the Court hereby makes the following findings of uncontroverted facts and conclusions of law supporting the entry of summary judgment in favor of Dana Companies, LLC's favor and against Plaintiff Paul Olds.

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
| --- | --- |
| 1.  Plaintiff alleges that he has developed mesothelioma as a result of his alleged exposure to asbestos from a multitude of products while in the U.S. Air Force from 1948 to 1968 and while employed by Ryder Truck Rental ("Ryder") 1968 to 1980. | 1.  Plaintiff's Complaint, ¶¶ 51-59, pp. 25-47 (Exhibit "B"). |
| 2.  Plaintiff's Complaint asserts causes of action for negligence, strict products liability and breach of warranty against numerous defendants, including Dana. | 2.  Plaintiff's Complaint, pp. 48, 51, 53 (Exhibit "B").  (Plaintiff also alleges a cause of action for conspiracy, but it is not alleged against Dana.) |
| 3.  With respect to Defendant Dana, Plaintiff contends that he was exposed to asbestos from his work with Dana's | 3.  Plaintiff's Complaint, ¶53 l., pp. 34, 37 (Exhibit "B"); Plaintiff's Responses to Dana's Special Interrogatories, No. 1, p. |

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| Victor gaskets while working for Ryder. | 145 (Exhibit "F"). |
| 4. Plaintiff is the sole percipient witness he has identified as possessing knowledge of facts supporting the contention that Dana is liable to him. | 4. Plaintiff's Responses to Dana's Special Interrogatories, No. 21, pp. 165-166 (Exhibit "F"). |
| 5. Plaintiff testified that he was first hired as a refrigeration mechanic at Ryder in 1968 and worked at the "Gore Avenue" facility for 6 months, then went to school in Denver for 6 weeks (all classroom) and returned to the Gore Avenue facility for about 2 1/2 months. | 5. Deposition of Paul Olds, pp. 98:10-18, 102:16-19, 107:11-109:17 (Exhibit "E"). |
| 6. Plaintiff could not identify the brand name, manufacturer or supplier of any components at the Gore Avenue facility. | 6. See Deposition of Paul Olds, pp. 111:23-113:12, 114:2-19 (Exhibit "E"). |
| 7. In 1971, Plaintiff worked at Ryder's Director's Row/Central Park facility where he was the service manager/shop supervisor and spent 90 per cent of his time in his office. | 7. Deposition of Paul Olds, pp. 109:21-110:14, 118:17-21 (Exhibit "E"). |
| 8. In 1975, Plaintiff became the safety | 8. Deposition of Paul Olds, pp. 106:6-8, |

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| manager at the Ryder's Director's Row/Central Park, but he was on the road "all the time." | 118:22-119:10 (Exhibit "E"). |
| 9.  Plaintiff could not identify the brand name, manufacturer of any parts removed or replaced at the Director's Row facility. | 9.  Deposition of Paul Olds, pp. 115:24-117:14 (Exhibit "E"). |
| 10.  With one exception, for any Ryder location where work was being performed, Plaintiff could not identify the brand name, manufacturer or supplier of any component parts. | 10.  Deposition of Paul Olds, pp. 128:22-130:10 (Exhibit "E"). |
| 11.  Plaintiff testified on direct examination that he did not recall the manufacturer of the gaskets that were used at Ryder, except that they tried to use the manufacturer's gaskets. | 11.  Deposition of Paul Olds, pp. 101:13-23 (Exhibit "E"). |
| 12.  Plaintiff testified that he himself never worked with engine gaskets at Ryder, but others around him were working with them. | 12.  Deposition of Paul Olds, pp. 99:22-100:6 (Exhibit "E"). |
| 13.  Plaintiff admitted that he replaced a gasket on a Thermo King refrigeration unit with a Mercedes engine, but he did not have any | 13. Deposition of Paul Olds, pp. 135:6-9; 136:7-139:18 (Exhibit "E"). |

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| information concerning the gasket removed or replaced, including its composition but he believed the replacement gasket was obtained from Thermo King. | |
| 14.  Plaintiff testified that Cummins gaskets were used as replacement gaskets and that Cummins gaskets were carried in the parts room at Ryder. | 14.  Deposition of Paul Olds, pp. 120:2-121:4; 122:3- 123:2; 127:12-16  (Exhibit "E"). |
| 15.  Plaintiff knew the gaskets at Ryder were Cummins because the gaskets came in packaging with the name Cummins on the packaging and Cummins is the only brand of gasket Plaintiff specifically could recall being used at Ryder. | 15.  Deposition of Paul Olds, pp. 121:13-16, 122:3-7, 134:16-21  (Exhibit "E"). |
| 16.  Cummins, Inc. purchased its gaskets from no less than nine different gasket manufacturers. | 16.  Cummins Inc.'s Responses to Plaintiff's Special Interrogatories, No.1, p. 224 (Exhibit "I"). |
| 17.  Dana propounded comprehensive special discovery requesting Plaintiff to identify all facts and evidence upon which he bases his claim that he was exposed to asbestos-containing products for which Dana is | 17.  Meyers Declaration, ¶ 5; Plaintiff's Responses to Dana's Special Interrogatories, Nos., 1,5-6, 15-21, pp. 144-147, 153-154, 160-166 (Exhibit "F"); Plaintiff's Responses to Dana's Request for the Production of |

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| responsible. | Documents, Nos. 24-25, pp. 179-180 (Exhibit "G"); Plaintiff's Responses to Dana's Request for Admissions, Nos. 1-3, 6-11, pp. 203-207 (Exhibit "H"). |
| 18.  In response to Dana's special discovery concerning Plaintiff's claim that he was exposed to asbestos-containing products for which Dana is responsible, Plaintiff asserted boiler plate objections and simply alleged that he was exposed to asbestos from his work with or around Victor gaskets. | 18.   Plaintiff's Responses to Dana's Special Interrogatories, Nos., 1, 5-6, pp. 15-21, 144-147, 153-154, 160-166 (Exhibit "F"). |
| 19.  In response to Dana's special discovery concerning Plaintiff's claim that he was exposed to asbestos-containing products for which Dana is responsible, Plaintiff provided absolutely no additional facts to support his claim that he was exposed to asbestos from his alleged work with Victor gaskets and failed to even identify the work sites where he was exposed, when the exposures occurred or the manner in which the exposures occurred as requested by the | 19.   Plaintiff's Responses to Dana's Special Interrogatories, Nos., 1, 5-6, pp. 15-21, 144-147, 153-154, 160-166 (Exhibit "F"). |

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| interrogatories. | |
| 20. In response to Dana's request for all documents in support of Plaintiff's claims against Dana, Plaintiff asserted boiler plate objections and identified a list of essentially irrelevant and non-responsive documents, *i.e.*, the Complaint, Work History Sheet, Responses to Standard Interrogatories, Plaintiff's deposition testimony (where Plaintiff had no information concerning Victor gaskets), Plaintiff's medical records, employment records and social security records, Plaintiff's Responses to Defendant's written discovery and the testimony of unidentified Dana's "person(s) most knowledgeable, agents or employees, which has been and/or will be taken in this case." | 20. Plaintiff's Responses to Dana's Request for the Production of Documents Nos., 24-25, 31, 33, 36-39, pp. 179-189 (Exhibit "G"). See also, Plaintiff's Responses to Dana's Request for Admission, Nos. 1-3, 6-11, pp. 203-210 (Exhibit "H"); Plaintiff's Responses to Dana's Special Interrogatories, Nos., 5-6, pp. 153-154 (Exhibit "F"). |

## CONCLUSIONS OF LAW

1.     Summary judgment is appropriate if there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law.  The substantive law determines which facts are material, and a factual issue is genuine if a reasonable jury could return a verdict for the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).

2.     Plaintiff contends that he was exposed to asbestos by Dana gaskets while he worked for Ryder, and while Plaintiff testified in his deposition that he could not recall any of the manufacturers of the gaskets used at Ryder, he contends he can establish that he worked with Dana gaskets because Cummins engines were used at the Ryder shop, and Cummins exclusively used Dana gaskets.

3.     Cummins used at least nine different suppliers of gaskets in its engines at the time Plaintiff worked at Ryder and the fact that Dana was one of nine possible sources of gaskets to Cummins engines is insufficient to raise a genuine issue of fact regarding exposure.  *Garcia versus Joseph Vince Company*, 84 Cal.App.3d 868 (1978).

4.     The evidence also shows that the Plaintiff acted in a supervisory role at Ryders and therefore rarely, if ever, personally worked on Cummins engines.  Thus, evidence of exposure is too speculative and insignificant to create a genuine issue of material fact.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).

5.     For the foregoing reasons, and pursuant to F.R.Civ.P. 56, Plaintiff's causes of action set forth in his Complaint should be, and hereby are, dismissed and Defendant Dana Companies, LLC shall have judgment in its favor.

Dated:  _Feb. 14, 2014__     _____
                             The Honorable Judge Manuel L. Real
                             Judge of the United States District Court