1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

PAUL OLDS

            Plaintiff,

v.

3M COMPANY, et al.

           Defendants.

CASE NO. 2:12-cv-08539-R-MWR

**STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW SUPPORTING [PROPOSED] JUDGMENT IN FAVOR OF EATON AEROQUIP LLC, SUCCESSOR BY MERGER TO EATON AEROQUIP INC. F/K/A AEROQUIP CORPORATION**

## UNCONTROVERTED FACTS

       1)     This is an asbestos-related personal injury lawsuit filed by plaintiff Paul Olds ("Mr. Olds" or "plaintiff"). As against EATON AEROQUIP LLC, successor by merger to EATON AEROQUIP INC. f/k/a AEROQUIP CORPORATION ("Aeroquip") plaintiff's complaint for personal injury alleges causes of action for negligence, strict liability, and breach of warranty in connection with plaintiff's work as a jet propulsion mechanic in the Air Force from 1948 to 1968.

**Evidence:** Plaintiff's Complaint, at pp. 17-20, 26, 40-45 [Exhibit "A" attached to the Declaration of Robert Baronian submitted in support of Aeroquip's Renewed Motion for Summary Judgment ("Motion")].

2)      During his deposition plaintiff did not testify that he worked with or around any Aeroquip product, or otherwise inhaled asbestos-containing dust from any Aeroquip product.

**Evidence:** Deposition of Paul Olds, taken on January 16, 2013, at pp. 322:12-324:25, 325:25-327:13, 329:4-23, 333:7-11, 336:5-10, 345:25-346:9, 347:21-25, 350:11-15, 352:8-12, and 354:4-10  (Exhibit F to the Declaration of Robert Baronian submitted in support of Aeroquip's Motion).

3)      Plaintiff submitted a subsequent declaration that attached a page from an Aeroquip catalogue. In his declaration, plaintiff identified the first model on that catalogue page as an item he worked with during his Air Force career. The first item depicted on the catalogue page is an Aeroquip fire sleeve, product no. AE102/624. Plaintiff further declared that he recalled orange writing on this item.

**Evidence:**  Declaration of Paul Olds dated October 24, 2013 (Exhibit G to the Declaration of Robert Baronian submitted in support of Aeroquip's Motion).

4)      Aeroquip's Person Most Knowledgeable, R. Michael Lefere, worked at Aeroquip from 1965 to 1999 as an engineer and product manager. Mr. Lefere had knowledge of the products at issue and attested by declaration that Aeroquip's AE102/624 product was not available until 1977, more than nine years after plaintiff left the Air Force. Further, Mr. Lefere attested that no Aeroquip product had orange writing. Plaintiff did not submit any evidence to contradict Mr. Lefere's declaration.

**Evidence:**  Declaration of R. Michael Lefere dated December 17, 2013 (Submitted in support of Aeroquip's Motion).

1    Based on the foregoing Uncontroverted Facts, the Court now makes its
2    Conclusions of Law.

3    Summary judgment is appropriate if there is no genuine issue of material fact
4    and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P.56(c).
5    The substantive law determines which facts are material; and a factual issue is genuine
6    if a reasonable jury could return a verdict for the nonmoving party. *Anderson v.*
7    *Liberty Lobby Inc.,* 477 U.S. 242 (1986).

8    The threshold issue in establishing causation between a manufacturer's product
9    and an alleged work place injury is exposure. *Garcia v. Joseph Vince Co.,* 84 Cal.
10   App. 3d 868, 874 (1978). An injured party must establish that he or she was actually
11   exposed to a defendant's product in order to maintain an action against that party.
12   *Garcia v. Joseph Vince Co*., 84 Cal. App. 3d 868, 874 (1978); *Rutherford v. Owens-*
13   *Illinois, Inc.,* 16 Cal. 4th 953, 976 (1997). Once exposure is established, an injured
14   party must prove that the exposure was a substantial factor in producing the alleged
15   injury. *Lineaweaver v. Plant Insulation Company,* 31 Cal. App. 4th 1409, 1426-1427
16   (1995).

17   All of plaintiff's causes of action against Aeroquip (negligence, strict products
18   liability, and breach of warranty) fail for lack of causation because Aeroquip
19   presented undisputed evidence, including plaintiff's own deposition testimony, that
20   plaintiff was not exposed to any asbestos-containing product for which Aeroquip may
21   be liable.

22   Plaintiff's deposition testimony wholly failed to identify "Aeroquip" or  any
23   Aeroquip product. Plaintiff's subsequent declaration cannot constitute identification of
24   an Aeroquip product sufficient to satisfy the relevant case law. The AE102/624
25   product plaintiff identified did not exist until years after the alleged exposure period.
26   Combined with the fact that Aeroquip never manufactured or sold a product with
27   orange writing, no reasonable jury could find that the exposure to Aeroquip's fire
28   sleeves was a substantial factor in causing plaintiff's illness.

1    Because a reasonable jury cannot find that Aeroquip manufactured, supplied or

2  distributed an asbestos-containing product to which plaintiff was exposed, plaintiff

3  cannot prove the fundamental element of causation for any of his claims, and

4  Aeroquip is therefore entitled to summary judgment in its favor. *Harris v. Owens-*

5  *Corning Fiberglas Corp.,* 102 F. 3d 1429, 1432 (7th Cir. 1996); *Benshoof v. National*

6  *Gypsum Co.*, 978 F. 2d 475, 477 (9th Cir. 1992).

7    Judgment shall be entered in favor of Aeroquip in accordance with these

8  Conclusions of Law.

9                                    UNITED STATES DISTRICT COURT

10

11  DATED:  February 18, 2014

12                                    _____

                                      HON. MANUEL REAL