GABRIEL A. JACKSON, SBN. 98119
gaby@jjrlaw.com
STUART E. SUPOWIT, SBN. 118364
ssupowit@jjrlaw.com
ANTHONY C. CHIOSSO, SBN. 209014
achiosso@jjrlaw.com
LISA A. JONES, SBN. 221886
ljones@jjrlaw.com
JACKSON JENKINS RENSTROM LLP
55 Francisco Street, 6th Floor
San Francisco, CA  94133
Tel:   415.982.3600
Fax:  415.982.3700

Attorneys for Defendant
CUMMINS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL OLDS,<br><br>           Plaintiff,<br><br>     v.<br><br>3M COMPANY a/k/a MINNESOTA MINING & MANUFACTURING COMPANY, et al.,<br><br>           Defendants. | Case No.  CV12-08539 R(MRWx)<br><br>Assigned to:   Judge Manuel L. Real<br>Referred to:   Magistrate Judge<br>                       Michael R. Wilner<br><br>UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW SUPPORTING DEFENDANT CUMMINS, INC.'S MOTION FOR SUMMARY JUDGMENT<br><br>Complaint Filed:  October 4, 2012<br>Trial Date:            March 11, 2014 |

Defendant Cummins, Inc.'s ("Cummins") Motion for Summary Judgment, alternatively Motion for Partial Summary Judgment against Plaintiff Paul Olds ("Motion"), came on regularly for hearing on January 27, 2014 at 10:00 a.m. before the Honorable Manuel L. Real, United States District Judge presiding in Courtroom 8 of the above-referenced Court.

After considering all papers filed in support of the Motion, including all admissible evidence filed in support thereof, having read and considered all papers filed in opposition to the Motion, including all admissible evidence filed in

1

2110167

UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW
SUPPORTING MOTION FOR SUMMARY JUDGMENT
Case No.  CV12-08539 R(MRWx)

JACKSON JENKINS
RENSTROM LLP
SAN FRANCISCO

opposition thereto, the Court hereby makes the following findings of uncontroverted facts and conclusions of law supporting the entry of summary judgment in favor of Cummins, Inc.'s favor and against Plaintiff Paul Olds.

| **Uncontroverted Material Fact:** | **Supporting Evidence:** |
|---|---|
| 1. On October 4, 2012, Paul Olds filed the instant action against numerous defendants, alleging that he developed mesothelioma as a result of exposure to asbestos during his career as a mechanic and supervisor. | 1. Plaintiff's Complaint attached as Exhibit A to the Declaration of Lisa A. Jones ("Jones Decl."), at pp. 4:13-16:5. |
| 2. In Plaintiff's Response to Cummins' Special Interrogatory Number 1 asking Plaintiff to identify any facts supporting his claim against Cummins, Plaintiff stated that Cummins supplied engines with asbestos containing gaskets to OEM truck/tractor manufacturers including International, Ford, Kenworth and Peterbilt. | 2. Cummins' Special Interrogatories to Plaintiff are attached as Exhibit B and Plaintiff's Responses to Special Interrogatories, at Interrogatory Number 1 is attached as Exhibit C of Jones Decl. |
| 3. Plaintiff claims that the "original asbestos gaskets were removed and replaced in Plaintiff's presence while working at Ryder [T]ruck in Orland[o], Florida from 1969 to 1979 using scrappers." Plaintiff claims that the asbestos gaskets were swept up in his presence and new asbestos gaskets supplied by Cummins were also removed during maintenance of the engines. | 3. Cummins' Special Interrogatories to Plaintiff are attached as Exhibit B and Plaintiff's Responses to Special Interrogatories, at Interrogatory Number 1 is attached as Exhibit C of Jones Decl. |
| 4. Plaintiff claims that the "original asbestos gaskets were removed and replaced in Plaintiff's presence while | 4. Cummins' Special Interrogatories to Plaintiff are attached as Exhibit B and Plaintiff's Responses to Special |

JACKSON JENKINS
RENSTROM LLP
SAN FRANCISCO

2
2110167

UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW
SUPPORTING MOTION FOR SUMMARY JUDGMENT
Case No. CV12-08539 R(MRWx)

| **Uncontroverted Material Fact:** | **Supporting Evidence:** |
|---|---|
| working at Ryder [T]ruck in Orland[o], Florida from 1969 to 1979 using scrappers" and that the asbestos gaskets were swept up in his presence and new asbestos gaskets supplied by Cummins were also removed during maintenance of the engines. | Interrogatories, at Interrogatory Number 1 is attached as Exhibit C of Jones Decl. |
| 5. Plaintiff did not produce any documents in response to Cummins' Request for Production of Documents. | 5. Cummins' Request for Production of Documents to Plaintiff is attached as Exhibit D and Plaintiff's Responses to Cummins' Requests for Production of Documents attached as Exhibit E of the Jones Decl. |
| 6. At his deposition, Plaintiff testified that he was present while another mechanic performed a tune up on a Kenworth truck in 1975 while working for Ryder at the Director of Rows facility. | 6. The deposition transcript of Paul Olds taken is attached as Exhibit F of the Jones Decl., at p. 562: 9-14. |
| 7. Plaintiff admits that he was not present for removal of the valve cover gasket and claims that a Cummins asbestos-type valve cover gasket was installed onto the truck but testified as follows:<br><br>    A:  But I wouldn't make a specific inspect of it.<br>    Q.  Right.  You didn't handle that gasket?<br>    A.  Well, no, no.  I wouldn't have handled it.<br>    Q.  Okay. | 7. The deposition transcript of Paul Olds taken is attached as Exhibit F of the Jones Decl., at pp. pp. 562: 9-14, 569:5-11 and 617:10-619:25. |
| 8. Plaintiff admitted that as supervisor, | 8. The deposition transcript of Paul Olds |

JACKSON JENKINS RENSTROM LLP
SAN FRANCISCO

3
2110167

UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW
SUPPORTING MOTION FOR SUMMARY JUDGMENT
Case No.  CV12-08539 R(MRWx)

| **Uncontroverted Material Fact:** | **Supporting Evidence:** |
|---|---|
| he would get his paperwork and just make sure work was being done on the trucks, that he would not be in the bay with the mechanic while work was being done on the truck. | taken is attached as Exhibit F of the Jones Decl., at pp. 565:25-567:2. |
| 9. Plaintiff claims that the new valve cover gasket was purchased by a "parts girl" from a Cummins store in Orange Blossom but admitted that the application of that valve cover gasket would not create dust in the following testimony:<br><br>  Q. Okay. The process of actually putting the new gasket -- just the new gasket we're talking about -- putting this new Cummins gasket onto the engine -- or the valve cover, that process of laying a gasket down did not create dust; is that<br>  A. Putting it on, no, did not create. | 9. The deposition transcript of Paul Olds taken is attached as Exhibit F of the Jones Decl., at pp. 703:15-704:3, 7:04:14-20 and 705:6-12. |
| 10. Plaintiff testified that he was also present when a mechanic installed a water pump gasket on a 290 Cummins engine, however, he does not know what year the work was done, which mechanic did the work, the make or model number of the tractor or truck in which the engine was housed. | 10. The deposition transcript of Paul Olds taken is attached as Exhibit F of the Jones Decl., at pp. 705:21-706:20. |
| 11. Additionally, Plaintiff did not know the maintenance history for the tractor or | 11. The deposition transcript of Paul Olds taken is attached as Exhibit F of the |

JACKSON JENKINS
RENSTROM LLP
SAN FRANCISCO

4
2110167

UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW
SUPPORTING MOTION FOR SUMMARY JUDGMENT
Case No. CV12-08539 R(MRWx)

| Uncontroverted Material Fact: | Supporting Evidence: |
|---|---|
| truck from which the water pump was removed and he does not know whether the pump was original to the vehicle. | Jones Decl., at p. 709:8-15. |
| 12. He could not identify the manufacturer of the water pump gasket being removed. | 12. The deposition transcript of Paul Olds taken is attached as Exhibit F of the Jones Decl., at pp. 709:24-710:3. |
| 13. As to the replacement water pump gasket, he could not describe the gasket other than it was preformed and that he believed it came with the water pump allegedly purchased from the Cummins store by the parts girl, however, he then admitted that he did not see the packaging of either the pump or the gasket and that he did not see any markings or logos on the gasket itself. | 13. The deposition transcript of Paul Olds taken is attached as Exhibit F of the Jones Decl., at pp. 706:21-707:22. |
| 14. Plaintiff testified that no dust was created by installation of the water pump gasket. | 14. The deposition transcript of Paul Olds taken is attached as Exhibit F of the Jones Decl., at pp. 708:25-709:4. |
| 15. Plaintiff testified that there are no occasions in which he can recall seeing a Cummins gasket being handled by a mechanics while he was a service manager at Ryder other than those two instances discussed. | 15. The deposition transcript of Paul Olds taken is attached as Exhibit F of the Jones Decl., at p. 710:4-11. |
| 16. Plaintiff testified that he has never received anything in writing from Cummins corporation or any Cummins employee. | 16. The deposition transcript of Paul Olds taken is attached as Exhibit F of the Jones Decl., at p. 713:3-8. |
| 17. Other than a thirty minute conversation about in-service of trucks at | 17. The deposition transcript of Paul Olds taken is attached as Exhibit F of the |

JACKSON JENKINS
RENSTROM LLP
SAN FRANCISCO

5
2110167

UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW
SUPPORTING MOTION FOR SUMMARY JUDGMENT
Case No. CV12-08539 R(MRWx)

| **Uncontroverted Material Fact:** | **Supporting Evidence:** |
|---|---|
| his station with a service manager of a Cummins store on an occasion in which he cannot recall the identification of the individual or a time period in which the conversation occurred, he has not had any other oral communications with a Cummins representative. | Jones Decl., at pp. 710:13-23 and 711:21- 712:15. |
| 18. Plaintiff did not personally purchase anything from a Cummins store or representative. | 18. The deposition transcript of Paul Olds taken is attached as Exhibit F of the Jones Decl., at p. 711:18-20. |
| 19. Plaintiff is in possession of a certification issued January 11, 1974 issued by Ryder regarding the maintenance of a Cummins diesel engine. | 19. The deposition transcript of Paul Olds taken is attached as Exhibit F of the Jones Decl., at pp. 713:23-714:22. |
| 20. He claims to have received one-day training by a Ryder employee in his mechanical shop in Central Park on the overhaul of a 220 Cummins engine in which he removed valve and injector gaskets but testified that he does not know the maintenance history of the engine or whether the gaskets removed were original to the engine. | 20. The deposition transcript of Paul Olds taken is attached as Exhibit F of the Jones Decl., at pp. 715:11- 716:13, and 716:18-717:7. |
| 21. He claims that he used Cummins replacement gaskets from his parts room but testified that this application did not create dust. | 21. The deposition transcript of Paul Olds taken is attached as Exhibit F of the Jones Decl., at pp. 717:14-23 and 719:6-12. |

## CONCLUSION OF LAW

1.  Under *Federal Rules of Civil Procedure rule* 56, summary judgment is warranted because of the evidence shows no genuine issue of material fact, entitling Cummins to judgment as a matter of law.

JACKSON JENKINS
RENSTROM LLP
SAN FRANCISCO

6
2110167

UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW
SUPPORTING MOTION FOR SUMMARY JUDGMENT
Case No. CV12-08539 R(MRWx)

2. Plaintiff's claims failed due to a lack of proof of exposure to an asbestos-containing Cummins product.

3. There is no evidence that Plaintiff was exposed to asbestos as result of contact with any product manufactured, sold, or distributed by Cummins and thus Plaintiff's Negligence, Strict Liability and Breach of Warranty claims are barred by applicable California law.

4. There is no evidence that Cummins and Plaintiff were in privity and therefore there is no evidence, under applicable California law, that Cummins breached any express or implied warranty to Plaintiff.

5. Plaintiff cannot set forth any admissible evidence that Cummins acted with oppression, fraud, or malice and therefore, Plaintiff's prayer for punitive damages is unsupported and improper.

Dated: March 7, 2014

_____
The Honorable Judge Manuel L. Real
Judge of the United States District Court

JACKSON JENKINS
RENSTROM LLP
SAN FRANCISCO

7
2110167

UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW
SUPPORTING MOTION FOR SUMMARY JUDGMENT
Case No. CV12-08539 R(MRWx)

CERTIFICATE OF SERVICE

The undersigned, counsel for CUMMINS, INC., hereby certifies that a true and correct copy of the foregoing [PROPOSED] UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW SUPPORTING DEFENDANT CUMMINS, INC.'S MOTION FOR SUMMARY JUDGMENT; CERTIFICATE OF SERVICE was filed with the Court and served electronically through the CM-ECF (Electronic Case Filing) system to all counsel of record and to those registered to receive a Notice of Electronic Filing for this case on February 18, 2014.

*/s/ Stuart E. Supowit*
Stuart E. Supowit

JACKSON JENKINS
RENSTROM LLP
SAN FRANCISCO

8
2110167

UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW
SUPPORTING MOTION FOR SUMMARY JUDGMENT
Case No. CV12-08539 R(MRWx)